**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6691**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM DEMON TYLER, a/k/a Milt,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:13-cr-00009-FPS-JES-2; 5:16-cv-00094-FPS-JES)

Submitted:  October 31, 2017                    Decided:  December 4, 2017

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Malcolm Demon Tyler, Appellant Pro Se. Randolph John Bernard, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Demon Tyler seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Before addressing the merits of Tyler's appeal, we must first be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted); *see* Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter*, 803 F.3d at 696.

Tyler initially challenged his career offender designation based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), pursuant to this court's authorization to file a successive § 2255 motion. Subsequently, Tyler was granted leave to supplement his habeas motion, and Tyler filed a supplement raising claims based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Because the district court did not resolve the *Mathis* claims raised in Tyler's supplement, we lack jurisdiction over this appeal. *See Porter*, 803 F.3d at 695, 699.

2

Accordingly, we dismiss the appeal as interlocutory and remand to the district court for consideration of Tyler's *Mathis* claims. We express no opinion regarding the merits of Tyler's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*